IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER EVANS,

    Plaintiff,

v.

WAL-MART STORES, INC.,

    Defendant.                                            Case No. 04-cv-781-DRH

## MEMORANDUM & ORDER

HERNDON, District Judge:

### I. INTRODUCTION

On September 28, 2005, plaintiff Chester Evans filed a Motion for Voluntary Dismissal pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** (Doc. 18). The same day, defendant Wal-Mart Stores, Inc, filed a Memorandum in Opposition to Plaintiff's Motion for Voluntary Dismissal. (Doc. 19.) Defendant opposes this voluntary dismissal because it "fails to state any grounds or allege any circumstances which would warrant a voluntary dismissal without prejudice." (Doc. 19, ¶ 7.) However, it seems the gravamen of Defendant's opposition is that it does not wish to lose its "properly obtained diversity jurisdiction" in federal court. (*Id*.) In the alternative, Defendant requests the Court grant Plaintiff's motion, but with the condition that if Plaintiff chooses to re-file his complaint, he must do so in the United States District Court for the Southern District of Illinois and that Plaintiff must also pay defendant's cost of suit pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(d)**.

1

(*Id*. at ¶ 9.)

## II. ANALYSIS

**FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** provides in relevant part that: "[e]xcept as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." **Id.** Therefore, it is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). **Tolle v. Carroll Touch, Inc., 23 F.3d 174, 177 (7th Cir. 1994); Tyco Laboratories, Inc. v. Koppers Co., Inc., 627 F.2d 54, 56 (7th Cir. 1980)**.

In moving for a dismissal pursuant to Rule 41(a)(2), a plaintiff bears the burden of proof in persuading the court that such dismissal is warranted. **Tolle, 23 F.3d at 177**. Failure to meet this burden must result in a denial of plaintiff's request for dismissal. **Id. at 177-78**. In his Motion, Plaintiff does not provide any reason whatsoever to warrant a voluntary dismissal. (Doc. 18.) Due to Plaintiff's failure to meet the requisite burden of proof, the Court cannot grant a dismissal at this time. However, the Court would like to briefly address the merits of Defendant's objections, in the event that Plaintiff subsequently opts to file an amended motion to dismiss.

In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may look at a variety of factors, including: (1) defendant's effort and resources

already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; and (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. **Tyco, 627 F.2d at 56**.

In this case, the substance of Defendant's objections to a dismissal is that it has previously expended resources in removing the matter from state to federal court. Defendant has also filed its Answer and certain initial disclosures. Defendant cites no other costs. In fact, the matter was scheduled for a settlement conference until it was cancelled once Plaintiff informed the Magistrate Judge that he was proceeding to move for a voluntary dismissal.

Because a settlement conference was scheduled shortly after the Court determined a scheduling order in this case, it does not appear that discovery has been so extensive "as to be tantamount to the 'plain legal prejudice' which [would] preclude dismissal." **Id. (quoting Stern v. Barnett, 452 F.2d 211, 213 (7th Cir. 1971))**. Nor has Defendant plead as much. Moreover, the fact that this case has been properly removed from state court[1] and that Plaintiff has not moved to remand does not vest Defendant with an absolute procedural right to trial in federal court. **See Grivas v. Parmelee Transp. Co., 207 F.2d 334, 338 (7th Cir. 1953) (In**

---

[1] The Court makes this statement with some degree of skepticism. The complaint contains only boilerplate injury language and Defendant's "good faith" statement of belief that the case is worth more than the jurisdictional amount. However, experience suggests that most slip and fall cases do not render a result greater than the jurisdictional amount. The Defendant is not bound by such "good faith" statements in settlement negotiations or closing arguments. Since federal courts are of limited jurisdiction, there is a great deal of tension between accepting such "good faith" statements at the beginning of the litigation, but not enforcing them at the end.

**considering whether a defendant had an "absolute right to trial in a removed case," the Seventh Circuit stated that "a litigant does not have a vested right in any given mode of procedure.")**.  Granted, there exists the distinct possibility that allowing a dismissal could result in Plaintiff re-filing his action back in state court, thereby subjecting Defendant to a second state suit.  Nevertheless, such an outcome does not amount to a finding of "actual prejudice" necessary to refrain from granting a dismissal.  Lastly, contrary to what Defendant requests in its opposing memorandum, the Court is unaware of any binding authority allowing it to place either a jurisdictional or pecuniary constraint upon an effort made by Plaintiff to re-file its suit, should a dismissal be granted in the future.  Defendant has failed to include any such supporting legal authority in its opposing memorandum.

### III. <u>CONCLUSION</u>

Because Plaintiff has failed to meet its requisite burden of showing why a dismissal without prejudice pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(a)(2)** is warranted in this case, Plaintiff's Motion to Dismiss is hereby **DENIED**.  However, Plaintiff may file an amended motion, in accordance with the substance of this Order, for the Court's consideration.

**IT IS SO ORDERED.**

Signed this 7th day of October, 2005.

<u>/s/          David RHerndon</u>
**United States District Judge**

4