IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CHESTER EVANS,**

    **Plaintiff,**

v.

**WAL-MART STORES, INC.,**

    **Defendant.**                                                              **Case No. 04-cv-781-DRH**

**<u>MEMORANDUM & ORDER</u>**

**HERNDON, District Judge:**

        Now before the Court is Plaintiff's Motion for Voluntary Dismissal, made pursuant to **Federal Rule of Civil Procedure 41(a)(2)**. (Doc. 21.) Plaintiff initially filed a similar motion (Doc. 18), which the Court denied (Doc. 20), finding that Plaintiff had not met the requisite burden under **Rule 41(a)(2)** of showing why a dismissal without prejudice was warranted. The Court then allowed Plaintiff the opportunity to another **Rule 41(a)(2)** motion, consistent with the substance of the Order. (Doc. 20.)

        Plaintiff heeded the Court's advice and in so doing, filed the instant motion. Plaintiff explains that he has resumed medical treatment for the injuries alleged in Plaintiff's Complaint and therefore the case will not be ready for trial until such treatment is complete. (Doc. 21, ¶¶ 2-3.) Additionally, Plaintiff urges that a

dismissal at this juncture will not amount to a legal prejudice against Defendant, as no discovery, other than interrogatories, has yet been completed.  (*Id*. at ¶¶ 1, 4.)

Defendant objected to Plaintiff's initial motion (Doc. 19), but has not filed an opposing response to the instant motion.  This makes it somewhat unclear to the Court whether Defendant no longer opposes Plaintiff's motion for dismissal, or whether Defendant feels its opposing arguments stated in its previous response and noted in the Court's earlier Order, remain for consideration in ruling upon the instant motion.  Therefore, the Court will proceed as if Defendant's earlier objections still remain, which basically consist of the argument that Defendant feels it will be prejudiced by a dismissal as it has already expended effort to secure a removal of this case.  Further, in its previous response, Defendant requested a denial of Plaintiff's motion for dismissal, or in the alternative, for an order dismissing case without prejudice, but mandating that if Plaintiff chose to re-file the case, he must do so in the United States District Court for the Southern District of Illinois and pay Defendant's costs pursuant to **Federal Rule of Civil Procedure 41(d)**.  (Doc. 19, ¶¶ 8-9.)

Under **Rule 41(a)(2)**, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." **FED. R. CIV. P**. **41(a)(2).**  Therefore, it is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to **Rule 41(a)(2)**.  ***Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 177**

<pre>
</pre>

**(7th Cir. 1994);** *Tyco Laboratories, Inc. v. Koppers Co., Inc.***, 627 F.2d 54, 56 (7th Cir. 1980)**. In moving for a dismissal pursuant to **Rule 41(a)(2)**, a plaintiff bears the burden of proof in persuading the court that such dismissal is warranted. *Tolle***, 23 F.3d at 177**. In deciding whether to grant a **Rule 41(a)(2)** motion to dismiss, a court may look at a variety of factors, including: (1) defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; and (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. *Tyco***, 627 F.2d at 56**.

The Court now finds that Plaintiff has provided adequate reason to warrant a voluntary dismissal without prejudice, pursuant to **Rule 41(a)(2)**. It further finds that a dismissal will not constitute a legal prejudice against Defendant, for the fact that little discovery or other pretrial proceedings have occurred. The Court will not entertain Defendant's previous request to restrict Plaintiff's venue for refiling, particularly in light of the fact that further medical treatment may clearly establish that the amount in controversy cannot be met in order to create diversity jurisdiction, which was the basis for Defendant's removal of this case, though the Court realizes that it may better establish that the amount in controversy has been met. Similarly, the Court finds that should Plaintiff re-file a similar action against Defendant at a later date, Defendant may choose to move for its costs, pursuant to **Rule 41(d)**. In the exercise of its discretion, the Court chooses not to grant this relief

now given the purpose for the dismissal.

For the above-stated reasons, the Court **GRANTS** Plaintiff's Motion for Voluntary Dismissal, pursuant to **Rule 41(a)(2)**. As such, this case is hereby **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

**Signed this 1st day of December, 2005.**

<u>/s/          David RHerndon</u>
**United States District Judge**